# EXHIBIT 11



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

March 15, 2023

CBP Appeals Officer
U.S. Customs and Border Protection
FOIA Appeals, Policy and Litigation Branch 90
K Street NE,
Washington, D.C. 20229 Dear

CBP Appeals Officer:

I am appealing the full denial of my Customs and Border Protection's Freedom of Information Act (FOIA) request CBP-FO-2023-053731, dated March 8, 2023, as per the Department of Homeland Security (DHS) and U.S. Customs and Border Protection (CBP) regulations 6 CFR Part 5, and 19 CFR Part 103. Specifically, I am appealing under section §5.8(a)(1) adverse determination denying my request in full, and I am appealing the search because I am questioning the adequacy of the search.

On March 8, 2023, I requested:

> Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing FOIA regulations of the Department of Homeland Security (DHS), Office of the Secretary, 6 CFR Part 5, I respectfully request the following records (or records containing the following information) that DHS, U.S. Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) have within its possession:
>
> Section 1) All records within the Alien File (A-File) of Prince Henry Charles Albert David (Date of Birth 09/15/1984) of the British Royal Family *aka* Prince Harry *aka* His Royal Highness Prince Henry of Wales *aka* the Duke of Sussex, including but not limited to:
>
> · Any and all applications for immigration benefits filed, whether or not adjudicated;
> · Any and all Forms I-213;
> · Any and all Forms I-275; and
> · Any and all Forms I-877.
>
> Section 2) All records pertaining to the Duke of Sussex in the following system of records maintained by CBP and DHS
> · Automated Targeting System (ATS, DHS/CBP-006);
> · Advance Passenger Information System (APIS, DHS/CBP-005);
> · Border Crossing Information System (BCIS, DHS/CBP-007);
> · U.S. Customs and Border Protection TECS (DHS/CBP-011);
> · Non-Federal Entity Data System (NEDS, DHS/CBP-008);
> · DHS Use of the Terrorist Screening Database (TSDB) System of Records (DHS/ALL-030);



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

· CBP Intelligence Records System (CIRS, DHS/CBP-024);
· DHS Automated Biometric Identification System (IDENT, DHS/USVISIT-004);
· Electronic System for Travel Authorization (ESTA, DHS/CBP-009);
· Nonimmigrant Information System (NIIS, DHS/CBP-016);
· Arrival and Departure Information System (ADIS, DHS/CBP-021);and
· Electric Visa Update System (EVUS., DHS/CBP-022).


Section 3) All records relating to any requests for waiver pursuant to Section 212(d)(3) of the Immigration and Nationality Act including, but not limited to, email communications within the DHS Office of the Secretary, the USCIS Office of the Director, the CBP Office of the Commissioner, or any subordinate office within those named departments or agency or a record of any communication between any of those named entities and the U.S. Department of Stater, the U.S. Embassy in London, the Federal Bureau of Investigation, or U.S. Immigration and Customs Enforcement.
.

I am appealing the adverse determination denying my request in full because CBP violated DHS FOIA regulations, specifically, sections §5.6(e), §5.6 (e)(1), §5.6 (e)(2), and §5.6 (e)(3).  There was a violation of §5.6(e) because no one signed off on the denial as required per statute.  There was a violation of §5.6(e)(1), because there was no name, no title, no position of the person responsible for the denial as required by statute.  There was a violation of §5.6(e)(2), because there were no descriptions of the FOIA exemptions applied by CBP in denying the request, even though the statute states there should be a brief statement of the reasons for the denial, including any FOIA exemption applied by CBP in denying the request. There was a violation of §5.6(e)(3), because there was no estimate of the volume of the records withheld, or a statement that it was protected by an applicable exemption as required.  Specifically, it states:

> … the estimate of the volume of any records or information withheld, for example, by providing the number of pages or some other reasonable form of estimation. This estimation is not required if the volume is otherwise indicated by deletions marked on records that are disclosed in part, or if providing an estimate would harm an interest protected by an applicable exemption.

I am also appealing this request because I am questioning the adequacy of the search as per §5.8 (a)(1).  A third-party release is not necessary for this request because there is an overwhelming countervailing public interest in the disclosure.  Public confidence in the government would undoubtedly suffer if DHS, CBP, and USCIS failed to properly vet such a high-profile case.  Moreover, if Prince Harry was granted preferential treatment that to would undermine public confidence in DHS, CPB, and USCIS's application of equal justice under the law. Also, there was no page count or file size of the search, or a description of where the search was conducted.  I believe there was no search regarding this request.

I respectfully request that CBP reassess its response, search for records, and provide responsive records.  If any portion of this request is denied for any reason, please provide copies of the records or portions of records that are being withheld and cite each specific exemption of the



214 Massachusetts Avenue, NE
Washington, DC 20002

(202) 546-4400
heritage.org

Freedom of Information Act on which the agency relies.

Please provide partial responses when they are ready. Thank you in advance for considering my Appeal.  If you have any questions, please contact me at oversightproject@heritage.org.

Sincerely,

Mike Howell
Director of the Oversight Project and Investigative
Columnist at *The Daily Signal*
The Heritage Foundation