UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION et. al,<br><br>        *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>        *Defendant*. | Civil Action No. 23-1198 (CJN) |

## **ANSWER**

Defendant the U.S. Department of Homeland Security ("DHS" or "Defendant") hereby answers Plaintiffs the Heritage Foundation and Mike Howell's Amended Complaint, (ECF No. 7). All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.  To the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.  Moreover, Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.

Defendant responds to the separately numbered paragraphs as follows:

**AMENDED COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**[1]

1.      The allegations in this paragraph characterize Plaintiffs' FOIA request which Plaintiffs attached to their amended complaint as Exhibit 1.  The request speaks for itself and is the best evidence of its contents.  Furthermore, Plaintiffs' allegations regarding media coverage do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

2.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

## PARTIES

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

---

[1]     For ease of reference only, Defendant's Answer largely replicates the headings contained in the Amended Complaint.  Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendant admits that it is a federal "agency" within the meaning of 5 U.S.C. §552(f)(1).  The remaining allegations quote Defendant's website.  The website speaks for itself and is the best evidence of its contents.

6.      Defendant admits that U.S. Customs and Border Protection ("CBP") is a component of DHS.  The remaining allegations quote the CBP website.  The website speaks for itself and is the best evidence of its contents.   Additionally, Defendant notes that Plaintiffs misidentified CBP as Customs and Border "Patrol."

7.       Defendant admits the allegation in paragraph 7 and respectfully refers the Court to the cited link for a full and accurate statement of its contents.

## JURISDICTION AND VENUE

8.      This paragraph consists of Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over proper Freedom of Information Act ("FOIA") actions.

9.      This paragraph consists of Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue is proper in this Court.

## BACKGROUND

10.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and case law that Plaintiffs cite speaks for itself and is the best evidence of its contents.

11.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and case law that Plaintiffs cite speaks for itself and is the best evidence of its contents.

12.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and case law that Plaintiffs cite speak for themselves and are the best evidence of its contents.

13.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and case law that Plaintiffs cite speak for themselves and are the best evidence of its contents.

14.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statute that Plaintiffs cite speaks for itself and is the best evidence of its contents.

15.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the regulation that Plaintiffs cite speaks for itself and is the best evidence of its contents.

16.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and regulations that Plaintiffs cite speak for themselves and are the best evidence of their contents.

17.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes that Plaintiffs cite speaks for themselves and are the best evidence of their contents.

18.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statute that Plaintiffs cite speaks for itself and is the best evidence of its contents.

19.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and regulations that Plaintiffs cite speak for themselves and are the best evidence of their contents.

20.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and regulations that Plaintiffs cite speak for themselves and are the best evidence of their contents.

21.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and regulations that Plaintiffs cite speak for themselves and are the best evidence of their contents.

22.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters

pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. Additionally, the statutes and regulations that Plaintiffs cite speak for themselves and are the best evidence of their contents.

23.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

24.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

25.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence

and/or extent of any public interest, including as compared to any countervailing interests.

26.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

27.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

28.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

29.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

30.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

31.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

32.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

33.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

34.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

35.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

36.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

37.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters

pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

38.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

39.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

40.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

41.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

42.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

43.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

44.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

45.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

46.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

47.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

48.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

49.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

50.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

51.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

**Plaintiffs' FOIA Request**

52.     Defendant admits that it received Plaintiffs' FOIA request on March 8, 2023. Defendant avers that it forwarded Plaintiffs' FOIA request to the DHS components that Defendant believed possessed potentially responsive records, namely U.S.  Citizenship and Immigration Services ("USCIS"), CBP, and the Office of Biometric Identity Management ("OBIM").

53.     The allegations in this paragraph characterize Plaintiffs' FOIA request which Plaintiffs attached to their Amended Complaint as Exhibit 1.  The request speaks for itself and is the best evidence of its contents.

54.     The allegations in this paragraph characterize Plaintiffs' FOIA request which Plaintiffs attached to their Amended Complaint as Exhibit 1.  The request speaks for itself and is the best evidence of its contents.

55.     The allegations in this paragraph characterize Plaintiffs' FOIA request which Plaintiffs attached to their Amended Complaint as Exhibit 1.  The request speaks for itself and is the best evidence of its contents.

56.     The allegations in this paragraph characterize Plaintiffs' FOIA request which Plaintiffs attached to their Amended Complaint as Exhibit 1.  The request speaks for itself and is the best evidence of its contents.

57.     Defendant admits that CBP responded to Plaintiffs' request on March 9, 2023.  The allegations in this paragraph characterize CBP's March 9, 2023 response to Plaintiffs which Plaintiffs attached to their Amended Complaint as Exhibit 10.  The response speaks for itself and is the best evidence of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required and editorial characterizations of Defendant's response which Defendant denies.  Defendant denies any remaining allegations in this paragraph.

58.     Defendant admits that Plaintiffs submitted an administrative appeal to CBP but denies that such appeal was submitted on April 15, 2023.  The allegations in this paragraph characterize Plaintiffs' administrative appeal which Plaintiffs attached to their Amended Complaint as Exhibit 11.  The appeal speaks for itself and is the best evidence of its contents.  The remainder of this paragraph contains legal conclusions to which no response is required and editorial characterizations of Defendant's response which Defendant denies.  Defendant denies any remaining allegations in this paragraph.

59.     The allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant admits that CBP is required to respond to FOIA appeals within 20 business days.

60.     Deny.

61.     Defendant admits that on March 13, 2023, a USCIS FOIA liaison spoke with Plaintiffs' counsel on the telephone.  Defendant denies that the allegations in this paragraph accurately describe the conversation.

62.     Defendant denies the allegation in the first sentence of this paragraph.  With respect to the second sentence, Defendant respectfully refers the Court to the USCIS FOIA electronic reading room as the best evidence of its contents.

63.     Defendant admits that a USCIS FOIA liaison discussed the FOIA request with Plaintiffs' counsel.  Defendant denies that the allegations in this paragraph accurately describe the conversation.

64.     Defendant admits that USCIS acknowledged Plaintiffs' request on March 15, 2023, and respectfully refers the Court to the cited letter attached to the Amended Complaint as Exhibit

12 for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

65.     Defendant respectfully refers the Court to the cited letter for a full and acurate statement of its contents and denies any allegations inconsistent therewith.

66.     Defendant denies the allegations in this paragraph and avers that USCIS does not have record of sending an email to Plaintiffs on April 3, 2023.

67.     Defendant denies the allegations in this paragraph and avers that USCIS sent Plaintiffs a response to their FOIA request on May 30, 2023.

68.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is required to decide on an expedited processing request within ten days of receipt.

69.     Defendant admits the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the remaining allegations in this paragraph.

70.     Defendant admits that it received Plaintiffs' supplemental letter and attachments and respectfully refers the Court to Plaintiffs cited exhibit for a full and accurate statement of their contents.

71.     Defendant admits that it received Plaintiffs' supplemental letter and attachments and respectfully refers the Court to Plaintiffs' cited exhibits for a full and accurate statement of their contents.

72.    Defendant admits that it received Plaintiffs' supplemental letter and attachments and respectfully refers the Court to Plaintiffs' cited exhibit for a full and accurate statement of their contents.

73.    Defendant admits that USCIS received a letter from Plaintiffs on April 5, 2023. The letter, attached as Exhibit 15 to Plaintiffs' Amended Complaint, speaks for itself and is the best evidence of its contents.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions, which do not require a response.  To the extent that a response is deemed required, Defendant denies that Plaintiffs are entitled to expedited processing.

74.    Defendant admits the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the remaining allegations in this paragraph.

75.    Defendant admits to the allegations in the first sentence of this paragraph.  The remainder of the allegations in this paragraph consistent of Plaintiffs' characterization of the April 13, 2023, message which Plaintiffs attached to their Amended Complaint as Exhibit 16.  The message speaks for itself and is the best evidence of its contents.

76.    The allegations in this paragraph characterize and draw conclusions based on CBP's April 13, 2023, message to Plaintiffs which Plaintiffs attached to their Amended Complaint as Exhibit 16.  The message speaks for itself and is the best evidence of its contents.  Defendant denies the remaining allegations in this paragraph.

77.    Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiffs received the message and refers the Court to Exhibit 16 of Plaintiffs' Amended Complaint for the best evidence of the contents of the exchange of messages.

78.     Admit.

79.     Admit.

80.     Admit.

81.     Defendant admits that DHS Headquarters acknowledged Plaintiffs' FOIA request on April 6, 2023 and respectfully refers the Court to the letter, attached to the Amended Complaint as Exhibit 17, as the best evidence of its contents.

82.     Deny

83.     The allegations in this paragraph are Plaintiffs' characterizations of the DHS Headquarters response letter which Plaintiffs attached as Exhibit 17 to their Amended Complaint. Defendant respectfully refers the Court to the letter as the best evidence of its contents and denies any allegations inconsistent therewith.

84.     Admit.

85.     Deny.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

86.     Defendant incorporates its responses to paragraphs 1-85 as if fully set out herein.

87.     The allegations in this paragraph quote and characterize a memorandum from the Attorney General regarding FOIA.  The memorandum speaks for itself and it is the best evidence of its contents.  Defendant denies any allegations in this paragraph that are inconsistent therewith.

88.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits that at least some of the records that Plaintiffs requested are within the custody and control of DHS or its

components.  Defendant denies that Plaintiffs properly requested those records or that Plaintiffs are necessarily entitled to those records.

89.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is subject to FOIA.

90.     Deny.

91.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that it failed to conduct searches.

92.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs have a statutory right to the records that they seek.

93.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

94.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs would be irreparably harmed by any deficiencies in Defendant's response to Plaintiffs' FOIA request.

95.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

96.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiffs exhausted their administrative remedies.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

97.     Defendant incorporates its responses to paragraphs 1-96 as if fully set out herein.

98.     The allegations in this paragraph quote and characterize a memorandum from the Attorney General regarding FOIA.  The memorandum speaks for itself, and it is the best evidence of its contents.  Defendant denies any allegations in this paragraph that are inconsistent therewith.

99.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits that at least some of the records that Plaintiffs requested are within the custody and control of DHS or its components.  Defendant denies that Plaintiffs properly requested those records or that Plaintiffs are necessarily entitled to those records.

100.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is subject to FOIA.

101.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

102.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

103.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

104.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs have a statutory right to the information that they are seeking.

105.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

106.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs would be irreparably harmed by any deficiencies in Defendant's response to Plaintiffs' FOIA request.

107.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

108.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiffs exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

109.    Defendant incorporates its responses to paragraphs 1-108 as if fully set out herein.

110.    The allegations in this paragraph quote and characterize a memorandum from the Attorney General regarding FOIA.  The memorandum speaks for itself, and it is the best evidence of its contents.  Defendant denies any allegations in this paragraph that are inconsistent therewith.

111.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits that at

least some of the records that Plaintiffs requested are within the custody and control of DHS or its components.  Defendant denies that Plaintiffs properly requested those records or that Plaintiffs are necessarily entitled to those records.

112.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits to the allegations in this paragraph.

113.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

114.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

115.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

116.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits that it did not comply with the time limit.

117.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

118.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

119.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

120.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that the allegations in this paragraph.

121.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiffs exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

122.     Defendant incorporates its responses to paragraphs 1-121 as if fully set out herein.

123.     The allegations in this paragraph quote and characterize a memorandum from the Attorney General regarding FOIA.  The memorandum speaks for itself, and it is the best evidence of its contents.  Defendant denies any allegations in this paragraph that are inconsistent therewith.

124.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits that at least some of the records that Plaintiffs requested are within the custody and control of DHS or its components.  Defendant denies that Plaintiffs properly requested those records or that Plaintiffs are necessarily entitled to those records.

125.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

126.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

127.     The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

128.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

129.     The allegations in this paragraph are Plaintiffs conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

130.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs would be irreparably harmed by paying fees to process their request.

131.     The allegations in this paragraph are Plaintiffs conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

132.     The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Plaintiffs exhausted their administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

133.    Defendant incorporates its responses to paragraphs 1-132 as if fully set out herein.

134.    The allegations in this paragraph quote and characterize a memorandum from the Attorney General regarding FOIA.  The memorandum speaks for itself, and it is the best evidence of its contents.  Defendant denies any allegations in this paragraph that are inconsistent therewith.

135.    The allegations in this paragraph are Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant admits that at least some of the records that Plaintiffs requested are within the custody and control of DHS or its components.  Defendant denies that Plaintiffs properly requested those records or that Plaintiffs are necessarily entitled to those records.

136.    Deny.

137.    Defendant admits that it did not grant Plaintiffs expedited processing.  Defendant denies the remaining allegations in this paragraph.

138.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.

139.    The allegations in this paragraph are Plaintiffs' conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiffs will be irreparably harmed by Defendant's denial of their expedited processing request.

140.    Deny. The allegations in this paragraph are Plaintiffs conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

The remaining paragraph in the Amended Complaint consists of Plaintiffs' prayer for relief, to which no response is required.  Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## First Defense

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief to the extent that they exceed the relief authorized under FOIA.  *See* 5 U.S.C. § 552.

## Second Defense

The FOIA requests that are the subject of this lawsuit seek the production of certain information that is protected from disclosure by one or more statutory exemptions.  Disclosure of such information is not required or permitted.  *See* 5 U.S.C. § 552(b).

## Third Defense

Plaintiffs are not entitled to declaratory relief.

## Fourth Defense

Plaintiffs are neither eligible for nor entitled to attorneys' fees.

## Fifth Defense

Plaintiffs are not entitled to expedited processing.

## Sixth Defense

Plaintiffs are not entitled to a fee waiver.

## Seventh Defense

Plaintiffs failed to reasonably describe the records sought.

## Eighth Defense

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should

strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated:  May 31, 2023
        Washington, DC

                              Respectfully submitted,

                              MATTHEW M. GRAVES, D.C. Bar #481052
                              United States Attorney

                              BRIAN P. HUDAK
                              Chief, Civil Division

                        By:  *John J. Bardo* _____
                              JOHN J.  BARDO
                              D.C. Bar # 1655534
                              Assistant United States Attorney
                              601 D Street, NW
                              Washington, DC 20530
                              (202) 870-6770

                              *Attorneys for the United States of America*