UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION et. al,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>    *Defendant*. | Civil Action No. 23-1198 (CJN) |

### PLAINTIFFS' STATUS REPORT

Pursuant to the Court's June 28, 2023 Minute Order, Plaintiffs the Heritage Foundation and Mike Howell ("Plaintiffs") respectfully submit the following status report:[1]

---

[1] Defendant filed a Motion (ECF No. 20) to extend the July 7, 2023 Joint Status Report deadline seeking two additional business days to respond to material Plaintiffs placed in a draft "Plaintiffs' Statement" portion of a draft Joint Status Report. Plaintiffs made clear that Defendant could write whatever it wished in the "Defendant's Statement" portion of the draft Joint Status Report as per common practice.
    Defendant claims that Plaintiffs were tardy in preparing their portion of the draft JSR, but that is not the case. Defendant omits that Customs and Border Protection ("CBP") issued a Revised Determination late in the afternoon of July 5, 2023, which was ambiguous and required two calls through the evening of July 6, 2023 to clarify. Put differently, Plaintiffs were not even certain as to what the Revised Determination *actually was* until the evening of July 6, 2023. Plaintiffs approach is reasonable on that *complete* timeline.
    Defendant's statements that Plaintiffs' position is "inflammatory allegations" is simply an effort to distract from the record. ECF No. 20 at ¶ 3. All Plaintiffs have done is recount CBP's *own conduct*. Defendant's further suggestion that Plaintiffs' conduct caused Defendant to file ECF No. 20 is outrageous on the record discussed herein. Defendant was *well* aware of Plaintiffs' grave concerns over CBP's conduct to date and was on notice Defendant was considering its position and may well write in the JSR. More to the point, if Defendant had time to prepare and obtain approvals for ECF No. 20 it certainly could have drafted the "Defendant's Statement" portion of the draft JSR. And how DHS needs "*two* business days" (ECF No. 20 at ¶ 7 (emphasis added)) to respond when it faults Plaintiffs for failing to respond in well under two-business days to a new determination that required two phone calls to clarify is unclear.
    In an abundance of caution Plaintiffs file this status report here per the Court's July 7, 2023 deadline, but have no objection to adding the statements herein and any other pertinent

1.      This lawsuit stems from a Freedom of Information Act ("FOIA") request that Plaintiffs submitted to the Department of Homeland Security ("DHS") for various records regarding the admission of Prince Harry, Duke of Sussex, into the United States. *See* FOIA Request (ECF No. 7-2) ("Request"). The Request sought three categories of records: (1) all records within the Duke of Sussex's Alien Registration file; (2) all records pertaining to the Duke of Sussex within twelve different databases; and (3) "all records relating to any requests for waiver by Prince Harry pursuant to Section 212(d)(3) of the Immigration and Nationality Act." *Id.* Plaintiffs sought these records from DHS components DHS Headquarters ("DHS HQ"), Customs and Border Protection ("CBP"), and United States Citizenship and Immigration Services ("USCIS"). *Id.*

2.      Plaintiffs believe it is necessary to make the Court aware of what they view as CBP's dilatory conduct over the last two months.

3.      Plaintiffs filed a Motion for a Preliminary Injunction on May 10, 2023, seeking to compel CBP and USCIS to grant the Request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1)(iv). ECF No. 10 ("PI Motion").

4.      At the time of the PI Motion, neither CBP nor USCIS had taken any action on Plaintiffs' application for expedited processing (CBP had issued a one-paragraph form denial letter, but that denial was on appeal). After Plaintiffs filed their PI Motion, CBP then issued an appeal determination on May 23, 2023. (ECF No. 14-1) ("Appeal Denial"). As Plaintiffs summarized in their Reply in Support of Plaintiffs' Motion for a Preliminary Injunction, 2–3 (ECF No. 16) ("PI Reply"):

The Appeal Denial purported to "affirm" the one paragraph original form denial on two

---

material to any Joint Status Report the Court may direct in response to ECF No. 20.

separate grounds. *See* Am. Compl. ¶ 57 (ECF No. 7); Appeal Denial at 3. First, it determined that "FOIA Division Used its Regulatory Discretion to Require the Requester Obtain Authorization from the Subject of the Request." *Id.* at 3. Second, it divined an alternate ground in the Initial Denial (which under any fair reading was not present) and "affirm[ed] the FOIA Division's second grounds for denial that the agency can neither confirm nor deny the existence of records related to the Duke of Sussex as doing so would betray the privacy interests protected by Exemptions (b)(6) and (b)(7)(C)." *Id.* at 3–4.

5. Defendant filed their Opposition to the PI Motion on May 26, 2023. ECF No. 14 ("PI Opposition"). The PI Opposition not only reiterated the Appeal Denial's reasoning—it affirmatively defended it. *Id.* at 14–15. As to the first "holding" of the Appeal Denial, the PI Opposition stated:

> When CBP receives a FOIA request for information regarding a third party "the information will not be disclosed without that person's prior written consent that provides the same verification information that the person would have been required to submit for information about him or herself[.]" 6 C.F.R. § 5.10(c). Because Plaintiffs did not submit a privacy waiver, CBP denied their request. Ex. 1, Suzuki Decl. ¶ 12.

*Id.* at 14.[2] But note the bracketed period (and the lack of ellipses). 6 C.F.R § 5.10(c) in fact says nothing of the sort. It concerns the Privacy Act's interactions with FOIA, and says in complete relevant part:

> ***Conditions for release of Privacy Act information to third parties in response to a FOIA request***. If a requester submits a FOIA request for Privacy Act information about another individual, the information will not be disclosed without that person's prior written consent that provides the same verification information that the person would have been required to submit for information about him or herself, unless—

---

[2] The Appeal Denial cited 6 C.F.R. § 5.3(a)(4)—not 6 C.F.R. § 5.10(c). 6 C.F.R. § 5.3(a)(4) which is in turn inapplicable as *that* provision merely relates to agency discretion to obtain additional verification of identity when verification of consent is at issue—it makes clear third-party verification is *not* required. *Compare* 6 C.F.R. § 5.3(a)(4) ("Where a request for records pertains to a third party, a requester may receive *greater access* by submitting" forms of approved third-party verification granting third party consent (emphasis added)), *with id.* ("As an exercise of its administrative discretion, each component can require a requester to supply additional information if necessary in order *to verify that a particular individual has consented to disclosure*." (emphasis added)). Indeed, the current version of this regulation was promulgated to *remove* a prior requirement of third-party consent (*Freedom of Information Act Regulations*, 80 FR 45,101, 45,102 (July 29, 2015)) which had previously been enjoined as contrary to FOIA. *See Gonzalez & Gonzales Bonds & Ins. Agency v. DHS*, 913 F.Supp.2d 865 (N.D. Cal. 2012).

> *(1) **The information is required to be released under the FOIA, as provided by 5 U.S.C. 552a (b)(2)**; . . .*

*Id.* (second emphasis added). The omitted language makes clear that the cited provision supports *Plaintiffs*—not Defendant. Defendant conflated the Privacy Act and FOIA despite the fact that the two statutes are designed to work together and (on the record here) FOIA acts as an exception to the Privacy Act because the Privacy Act does *not* bar the release of information "required" to be disclosed under FOIA. 5 U.S.C. § 552a(b)(2).

The PI Opposition also defended the categorical *Glomar* as to *any* CBP records concerning the Duke of Sussex. PI Opposition at 14. As Plaintiffs noted at the outset of the PI Reply:

> Counsel for Plaintiffs have repeatedly urged DOJ to cause CBP to reverse this position as Plaintiffs believe it indefensible and it is in no one's interest for DOJ to maintain CBP's administrative position here only to reverse it in short order when Plaintiffs file subsequent motions.

Reply at 3 (citations omitted). These efforts were extensive and involved Plaintiffs explaining in detail the basis for their view that CBP's position was unjustifiable. *See* Second Declaration of Samuel Everett Dewey in Support of Plaintiffs' Motion for a Preliminary Injunction, ¶¶ 3–9 (June 2, 2023) (ECF No. 16-1).

6.   As befits the seriousness of the accusation, the PI Reply outlined the basis for Plaintiffs' hard words as to CBP's position:

> CBP has taken a frivolous position possibly in an effort to moot out this Motion. To take a regrettable example, CBP has *Glomar*'d *all* "records related to the Duke of Sussex as [not] doing so would betray the privacy interests protected by Exemptions (b)(6) and (b)(7)(C)." *Id.* at 4. Specifically:
>
>> [S]imply identifying whether records you seek exist confirms that the Duke of Sussex applied for entry into the United States and therefore was inspected by CBP. The records from the systems you request would provide any history of the Duke of Sussex's travel to and from the United States as well as any potential CBP violation he may have incurred.
>
> *Id.* It is frivolous to *Glomar* whether the Duke of Sussex has "applied for entry into the

4

> United States." *Id.  Anyone* who is not living under a massive boulder knows that the Duke of Sussex has applied for entry to the United States.  His Netflix Series, *Harry & Meghan*, Episode 6, opens with a selfie video of HRH flying via private jet into the United States to take up extended residence in Los Angeles on March 14, 2020 at around 6:00 a.m.!  HRH's international travel is heavily reported by the press—witness his travel to and from HM The King's Coronation.  One cannot *possibly Glomar* such a fact.  Pointedly, United States Customs and Immigration Services did not Glomar the Request and conducted a search.  *See* 2d Dewey Decl. Ex. 3.  The only colorable justification for CBP's Glomar is if HRH is here illegally.  Is CBP really representing that the Duke of Sussex is or may be an illegal alien?

*Id.* at 21.  The PI Reply withdrew the PI Motion as to CBP because Plaintiffs believed CBP's actions likely rendered the PI Motion moot as to CBP, leaving it live only as to DHS HQ.  *Id.*

7. At the Preliminary Injunction Hearing, on June 6, 2023, this Court requested DHS HQ to take a week to consider whether it could grant expedited processing or otherwise respond to the Request thereby making the PI Motion unnecessary.  PI Transcript at 34:6–36:21 (June 6, 2023).

8. On June 13, 2023, one week later, DHS HQ issued a *Glomar* response to Specification 3 of the Request.  *See* Notice (ECF No 18).  Plaintiffs then fully withdrew the PI Motion.  *Id.*  Plaintiffs reiterated at the time that they simply wished to move the case along expeditiously.  *Id.* at 1–2.

9. Immediately after the hearing, on June 7, 2023, mindful of the Court's view to move the case along, Plaintiffs proposed a two-track system of summary judgment briefing.  Plaintiffs submitted that the CBP Appeal Denial rested entirely on two points of law—construction of the relevant regulations and the legal validity of the *Glomar*.  Accordingly, Plaintiffs viewed those questions as ones that could be briefed quickly while other components were preparing declarations and *Vaughn* indices.

10. Defendant's Counsel responded opposing any "piecemeal" schedule.  Email from Jack Bardo to Samuel Everett Dewey (June 7, 2023, 7:51 p.m.).

11. Plaintiffs replied by noting that they viewed the case as somewhat unusual because the Appeal Denial rested on two pure points of law that could be resolved in parallel to other components preparing declarations and *Vaughn* indices. Plaintiffs adverted that if they prevailed on these points of law, CBP would likely be required to conduct searches which would further delay the case absent parallel proceedings. Plaintiffs also noted that in similar circumstances courts had ordered partial summary judgement briefing where the efficiencies of "parallel" tracks outweighed the efficiencies of resolving all issues together via a global motion. *See, e.g., Gov't Accountability Project v. CIA*, 548 F.Supp.3d 140, 147 (D.D.C. 2021) (deciding motion for partial summary judgement on CIA *Glomar* while other agencies were processing FOIA request); *Inst. for Justice v. IRS*, 547 F.Supp.3d 1, 4–5 (D.D.C. 2021) (Nichols, J.) (partial summary judgement briefing in a FOIA case where due to production timing issues resolution of discrete questions in isolation was more efficient and allowed a measure of "parallel" tracking to expedite a matter).

12. Plaintiffs followed-up on this communication on June 14, 2023, having as of that date received the DHS HQ *Glomar*, but no response to the foregoing email. Counsel spoke later that day and Counsel for Defendant reiterated their position against piecemeal briefing, but agreed to take back to the agency a request to jointly seek a status conference to discuss the scheduling impasse.

13. Plaintiffs again followed up on June 21, 2023, seeking to discuss all pending scheduling issues.

14. On June 21, 2023, Plaintiffs received a brief response: "What specifically did you want to discuss? I have not seen a minute order from the Court." Plaintiffs replied indicating that in their view the Court had been quite clear that the parties should "expeditiously move the matter along" and indicated that a "dual track approach" would best accommodate the Court's preference

to address the "merits" of the case promptly and efficiently.  Email from Samuel Everett Dewey to Jack Bardo (June 21, 2023, 5:04 p.m.).

15. Later that day, DHS agreed to confer on June 26, 2023.

16. During the June 26, 2023 call, Counsel for Defendant indicated that CBP intended to issue a revised determination, but was not permitted to say more other than an email later that day indicating CBP anticipated transmitting the revised determination on July 5, 2023.  Plaintiffs subsequently asked simply if the revised determination would alter CBP's current legal position and were told Counsel for Defendant could not provide an answer.

17. Late in the afternoon on July 5, 2023, Plaintiffs received the revised CBP determination.  Exhibit 1 hereto ("Revised Determination").  After analysis, Plaintiffs concluded that it was unclear on the face of the Revised Determination whether CBP in fact abandoned its regulatory argument.  Subsequent telephonic conversations with Counsel for Defendant confirmed that under the Revised Determination:  (1) CBP is abandoning its regulatory argument; and (2) CBP has withdrawn its *Glomar* as to certain entry and exit records, searched for such records, and withheld them in full pursuant to Exemptions 6, 7(C) and 7(E).  In essence, CBP has reversed the position it took to moot out the PI Motion, a position Plaintiffs had repeatedly implored CBP to reverse during briefing on the PI Motion because it was unjustifiable.  Plaintiffs' prognostication that a reversal of CBP's position would cause delay in setting a briefing schedule has also come true.

18. Plaintiffs submit the foregoing demonstrates that CBP has been dilatory.  Defendant initially proposed briefing that did not commence until September 12, 2023.  After Plaintiffs objected to this date Defendant has now offered to begin briefing August 28, 2023.  In the interest of simply advancing the matter, Plaintiffs reluctantly have agreed to the following schedule in

which Defendant stated it concurs:

| Event | Deadline |
|---|---|
| Defendant's Motion for Summary Judgment | August 28, 2023 |
| Plaintiffs' Opposition and Cross Motion for Summary Judgment | October 2, 2023 |
| Defendant's Reply and Cross Opposition | October 23, 2023 |
| Plaintiff's Reply | November 13, 2023 |

Plaintiffs note that they will likely seek *in camera* review of at least a subset of disputed records. *See, e.g.*, *Muchnick v. DHS*, 225 F.Supp.3d 1069, 1074 (N.D. Cal. 2016) (*in camera* review in a similar case). Should Defendant object to this approach, Plaintiffs anticipate raising the matter in their October 2, 2023 papers for briefing per the schedule above. Plaintiffs also note that given the conduct of CBP discussed above, Plaintiffs may seek to alter the schedule to allow for discovery should a factual issue arise that cannot be resolved via declarations. Plaintiffs request oral argument on the Cross Motions for Summary Judgement shortly after the Motions are fully briefed.

Dated: July 7, 2023                                            Respectfully Submitted,

                                                               */s/ Samuel Everett Dewey*
                                                               SAMUEL EVERETT DEWEY
                                                               (No. 999979)
                                                               Chambers of Samuel Everett Dewey, LLC
                                                               Telephone: (703) 261-4194
                                                               Email: samueledewey@sedchambers.com

                                                               DANIEL D. MAULER
                                                               (No. 977757)
                                                               The Heritage Foundation
                                                               Telephone: (202) 617-6975
                                                               Email: Dan.Mauler@heritage.org

                                                               ERIC NEAL CORNETT
                                                               (No. 1660201)
                                                               Law Office of Eric Neal Cornett

        Telephone:  (606) 275-0978
        Email:  neal@cornettlegal.com

        ROMAN JANKOWSKI
        (No. 975348)
        The Heritage Foundation
        Telephone:  (202) 489-2969
        Email:  Roman.Jankowski@heritage.org

        *Counsel for Plaintiffs*