UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION et. al,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br><br>    *Defendant*. | Civil Action No. 23-1198 (CJN) |

## DEFENDANT'S STATUS REPORT

Pursuant to the Court's June 28, 2023 and July 10, 2023 Minute Orders, Defendant the U.S. Department of Homeland Security ("the Department" or "Defendant") respectfully submits the following status report.[1] Plaintiffs the Heritage Foundation and Mike Howell submitted their portion of the status report on July 7, 2023. *See* ECF No. 21.

    1.    This lawsuit stems from a Freedom of Information Act ("FOIA") request that Plaintiffs submitted to the Department for various records regarding the admission of Prince Harry, Duke of Sussex, into the United States. *See* Pl. Request (ECF No. 7-2).

    2.    The request sought three categories of records: (1) all records within Prince Harry's Alien Registration file, (2) all records pertaining to Prince Harry within twelve different systems

---

[1] Defendant recognizes that the Court ordered a joint status report rather than separate status reports. As detailed in Defendant's July 7, 2023 extension motion, Defendant's counsel prepared a joint status report and provided a copy to Plaintiffs' counsel on July 5, 2023. Plaintiffs' counsel, however, did not provide Plaintiffs' proposed edits, which included approximately six pages of Plaintiffs' separate position, until after the close of business on the filing deadline. As a result, undersigned counsel for Defendant was without the ability to confer with agency counsel and prepare an adequate response on the filing deadline. Although Defendant's counsel made clear to Plaintiffs' counsel that Defendant planned to seek an extension of time for the parties to file the Court-ordered joint status report, Plaintiffs proceeded to file its separate status report on July 7, 2023.

of record, and (3) "all records relating to any requests for waiver by Prince Harry pursuant to Section 212(d)(3) of the Immigration and Nationality Act." *Id.*

3. The Department fully processed the request, and contends that it does not have any non-exempt, reasonably segregable records that are responsive to Plaintiffs' FOIA request.

4. The parties agreed to a summary judgment briefing schedule. *See* Pls' Status Report ¶ 18.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SEPARATE STATUS REPORT

5. Plaintiffs used their status report as an opportunity to relitigate many of the same issues in their motion for preliminary injunction (ECF No. 10) and make inflammatory allegations regarding U.S. Customs and Border Protection's ("CBP") processing of their request.

6. CBP initially responded to Plaintiff's request with a full *Glomar* response. But upon further review, CBP on July 5, 2023, issued a revised determination acknowledging the existence of some records, but maintaining its *Glomar* response as to others. Pls' Ex. 1, CBP July 5, 2023 Letter (ECF No. 21-1). CBP maintained that the records it acknowledged existed were exempt from disclosure under Exemptions 6, 7(C), and 7(E).

7. Under either determination, Plaintiffs did not receive any records and thus any error that CBP made in initially issuing an overbroad *Glomar* response caused Plaintiffs no harm. *Boyd v. Dep't of Justice,* 475 F.3d 381, 389 (D.C. Cir. 2007) ("Because Boyd was not entitled to this information, he was not harmed by the government's refusal to confirm or deny whether it possessed responsive information.")

8. Importantly, in FOIA cases, agencies are not required to maintain their administrative determinations in litigation. *See e.g. Bayala v. United States Dep't of Homeland*

*Sec., Office of Gen. Counsel,* 827 F.3d 31, 36 (D.C. Cir. 2016); *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003)

9. The revised determination contained no ambiguity. CBP acknowledged the existence of some records, which it itemized in the letter, but refused to confirm or deny the existence of others. Pls' Ex. 1, CBP July 5, 2023 Letter. Like their motion for preliminary injunction, Plaintiffs' assertions to the contrary are simply an effort to add sensationalism into a routine FOIA case.

10. Prior to CBP's revised determination, Plaintiffs wanted to brief the legality of CBP's decision not to conduct a search on a separate schedule, Pl's Status Report ¶ 11, but the revised determination rendered that briefing unnecessary.

11. Defendant never sought to unreasonably delay this case. As the undersigned counsel explained to Plaintiffs' counsel on multiple occasions, the Department components involved in this litigation, namely Department Headquarters, CBP, U.S. Citizenship and Immigration Services, and the Office of Biometric Identity Management, will require sufficient time to prepare declarations or *Vaughn* indices needed to justify their searches and withholdings at summary judgment. The components did not and were not required to provide these items during the administrative phase of the case. *See e.g.*, *SafeCard Servs. v. SEC*, No. 84-3073, 1986 U.S. Dist. LEXIS 26467, at *5 (D.D.C. Apr. 21, 1986*) aff'd on other grounds*, 926 F.2d 1197 (D.C. Cir. 1991).

12. Like almost all FOIA cases, this case will be resolved based on any declarations and *Vaughn* indices and thus the Department will oppose any requests from Plaintiffs for discovery

or *in camera* review.[2]

Dated: July 11, 2023
      Washington, DC

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By: *John J. Bardo*
                                              JOHN J. BARDO
                                              D.C. Bar # 1655534
                                              Assistant United States Attorney
                                              601 D Street, NW
                                              Washington, DC 20530
                                              (202) 870-6770

                                        *Attorneys for the United States of America*

---

[2] As the D.C. Circuit has repeatedly noted, "*in camera* review may be particularly appropriate when either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims or there is evidence of bad faith on the part of the agency." *Quinon v. FBI.*, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (collecting authorities). Here, having not even seen Defendant's affidavits, Plaintiffs have no legitimate basis to suggest this will be the case.