IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION & MIKE HOWELL, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Case No. 23-cv-1198 (CJN) |

### DECLARATION OF CATRINA PAVLIK-KEENAN

I, Catrina M. Pavlik-Keenan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy Chief Freedom of Information Act ("FOIA") Officer for the Department of Homeland Security Privacy Office ("DHS PRIV"). I have held this position since July 4, 2021. Prior to holding this position, I was the U.S. Immigration and Customs Enforcement ("ICE") FOIA Officer from December 18, 2006 until July 3, 2021. Prior to holding that position, I worked for approximately four years in the FOIA office at the Transportation Security Administration - first as a Supervisory FOIA Analyst, then as Deputy Director for two years, and finally as Director. Prior to holding that position, I worked approximately nine years as a FOIA Analyst at the Department of Transportation, holding positions at Federal Highway Administration, Office of Pipeline Safety, and Office of the Secretary from 1993 to 2002. In total, I have approximately 30 years of experience processing FOIA requests. I am the DHS official responsible for implementing FOIA policy across DHS and responding to requests for records under FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other applicable records access provisions.

2. As the Deputy Chief FOIA Officer for the DHS PRIV, I act as the Department of Homeland Security's principal point of contact and agency representative on FOIA-related matters for DHS Headquarters and all of the DHS components. My official duties and responsibilities include the implementation of consistent FOIA management across DHS in collaboration with DHS Components. In accordance with this responsibility, I maintain expert knowledge of the DHS FOIA regulations and routinely provide regulatory and policy guidance, technical advice, and assistance across the Department on all FOIA-related matters.

3. I make this declaration in support of DHS's Motion for Summary Judgment. The statements contained in this declaration are based upon my personal knowledge, my review of the documents kept by the DHS PRIV in the ordinary course of business, and information provided to me by other DHS PRIV employees in the course of my official duties.

4. Section 5.1(c) of DHS's FOIA regulations provides that "DHS has a decentralized system for processing FOIA requests, with each component handling requests for its records."  6 C.F.R. § 5.1(c). Accordingly, except for the Cybersecurity and Infrastructure Security Agency ("CISA"), DHS PRIV does not respond to or process FOIA requests on behalf of the operational DHS components.

5. DHS PRIV receives and processes FOIA requests for the following DHS Headquarters Offices: Office of the Executive Secretary, Science and Technology Directorate, Management Directorate, Office of Strategy, Policy, and Plans, Office of Operations Coordination, Office of Partnership and Engagement, Privacy Office, Center for Prevention Programs and Partnerships, Office of the General Counsel, Office of Legislative Affairs, Office of Public Affairs, Office of the Citizenship and Immigration Services Ombudsman, Office of the Immigration Detention Ombudsman, Office of the Secretary, and Office of

Biometric Identity Management ("OBIM"). Additionally, as indicated in Paragraph 4 above DHS PRIV, in accordance with an internal agreement, receives and processes FOIA requests for operational component CISA.

6. Through the exercise of my official duties, I am familiar with DHS's receipt and handling of the subject request submitted by Plaintiff and the steps taken to respond to Plaintiff's request, to include a determination that U.S. Citizenship & Immigration Services ("USCIS"), OBIM and U.S. Customs and Border Protection ("CBP") were the appropriate components/offices to which the request should be forwarded and referred.

7. The DHS FOIA regulations, available at https://www.dhs.gov/publication/federal-register-notice-freedom-information-act-and-privacy-act-procedures-interim-final, clearly set out the steps for a FOIA requester to submit a FOIA request to DHS Headquarters Offices as well as all DHS components. The DHS FOIA regulations also describe how DHS handles referrals to other agencies and to the DHS components.

8. Section 5.1(a)(1) of the DHS FOIA regulations states that "[t]his subpart contains the rules that the Department of Homeland Security follows in processing requests for records under the Freedom of Information Act."

9. Section 5.3(a)(2) of the DHS FOIA regulations states that the "Privacy Office will forward the request to the component(s) that it determines to be the most likely to maintain the records that are sought" and that all referrals are to be handled consistent with subsection 5.4(d)(3), that is "the component may refer the responsibility for responding to the request or portion of the request to the component or agency best able to determine whether to disclose the relevant records, or to the agency that created or initially acquired the record as long as that agency is subject to the FOIA. Ordinarily, the component or agency that created or

initially acquired the record will be presumed to be best able to make the disclosure determination. The referring component shall document the referral and maintain a copy of the records that it refers."

## DHS PRIV'S RESPONSE

10. Consistent with the requirements of 6 C.F.R. § 5.3(a)(2), DHS PRIV reviewed the Plaintiff's request and determined that USCIS, OBIM, and CBP were the DHS components/offices "most likely" to maintain responsive records. On April 6, 2023, DHS PRIV notified Plaintiff by letter and by email that Plaintiff's FOIA request dated March 8, 2023, was forwarded to the USCIS and OBIM FOIA Offices for processing and direct response back to requestor. On April 24, 2023, DHS PRIV again notified Plaintiff that its FOIA request dated March 8, 2023, was forwarded to CBP for processing and direct response back to requestor.

11. Plaintiff did not, at any time during the administrative stage of this request, respond or object to the above-described referrals, or request that DHS PRIV conduct a search of any other DHS components/offices. In other words, DHS did not consider its referral as an adverse determination as described in section 5.6(d), which includes "decisions that the requested record is exempt, in whole or in part; the request does not reasonably describe the records sought; the information requested is not a record subject to the FOIA; the requested record does not exist, cannot be located, or has been destroyed; the requested record is not readily reproducible in the form or format sought by the requester; … [or] also include denials involving fees, including requester categories or fee waiver matters, or denials of requests for expedited processing."

12. On June 13, 2023, DHS PRIV sent a final response letter notifying Plaintiff that the first two sections within Plaintiffs March 8, 2023 FOIA request did not fall under DHS PRIV purview.

The final DHS June 13, 2023 determination letter cited to DHS PRIV's previous April 6, 2023 and April 24, 2023 notifications informing Plaintiff that Sections 1 and 2 of the request had been transferred to USCIS, OBIM and CBP for processing and direct response to the requestor. The final June 13, 2023 letter also informed Plaintiff that DHS PRIV could neither confirm nor deny the existence of records relating to Section 3 of the request. The letter went on to explain that *"…To the extent records exist, this office does not find a public interest in disclosure sufficient to override the subject's privacy interests. As such, to the extent that responsive records would be maintained by DHS Headquarters' offices on the subject individual, this office would deny your request under FOIA Exemption (b)(6), 5 U.S.C. 552(b)(6), and the Privacy Act of 1974, 5 U.S.C. 552a…."*

## **OBIM'S RESPONSE**

13. On April 11, 2023, OBIM sent an acknowledgment that it received Plaintiff's FOIA request. The acknowledgement email provided the Plaintiff with an authorization form, and informed Plaintiff of the additional documentation that must be received by the FOIA Office in cases of third-party information requests. The required additional documentation included a statement from the individual verifying his or her identity and certifying the individual's agreement that records concerning him or her may be accessed, analyzed, and released to a third party.

14. The acknowledgement email notified Plaintiff that the request as submitted had not been perfected, and absent the required documentation, OBIM could not initiate a search of the requested information. The acknowledgement email notified Plaintiff that it was given 30 days from the date of the email to submit the outstanding documentation, to assist with perfecting the request.

15. The acknowledgement email instructed Plaintiff to complete the enclosed authorization form and submit an original fingerprint card and/or Alien Registration Number for Prince Henry Charles Albert David. The email concluded by informing Plaintiff that if the FOIA Office did not hear back from Plaintiff within 30 days, it would assume that Plaintiff was no longer interested in the request, and that the case would be administratively closed.

16. On May 11, 2023, the 30-day time-period for response lapsed, after which OBIM determined it would administratively close the request.

17. On May 25, 2023, OBIM sent a final response letter notifying Plaintiff that to the extent that responsive records would be maintained in IDENT on the subject individual, the office would deny the request under FOIA Exemption (b)(6), 5 U.S.C. 552(b)(6), and the Privacy Act of 1974, 5 U.S.C. 552a.

### DISCLOSURE OF THE EXISTENCE OR NON-EXISTENCE OF RESPONSIVE RECORDS WOULD CAUSE HARM UNDER FOIA EXEMPTIONS (b)(6) and (b)(7)(C)

18. The FOIA exempts from disclosure records related to third parties if release of the information could be expected to constitute an unwarranted invasion of personal privacy. Specifically, the FOIA provides as follows:

19. Exemption (b)(6) protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

20. Exemption (b)(7)(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

21. When determining whether to withhold information pursuant to Exemption (b)(6) and (b)(7)(C), DHS balances the privacy interests of individuals identified in records against any "FOIA public interest" in disclosure of that information. In making this analysis, the FOIA public interest considered in the balance is limited to information which would shed light on the Department's performance of its mission: to enforce the law and defend the interests of the United States according to the law; to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans.

22. The Plaintiff seeks records related to the Duke of Sussex, a third-party individual, who has not consented to the disclosure of his records to Plaintiff.

23. DHS neither confirms nor denies the existence of requested records regarding the Duke of Sussex as Plaintiffs have not provided sufficient public interest to outweigh the Duke's right to privacy concerning any potential records about him that may or may not exist.

24. In this case, to identify whether records pertaining the Duke of Sussex exist in the DHS Automated Biometric Identification System, IDENT, would convey information about the Duke's immigration status in the United States. The release of such information would be a violation of his privacy interests protected by Exemptions (b)(6) and (b)(7)(C) and would in itself cause harm. Records in IDENT are compiled by DHS for law enforcement purposes, including specific biometric and biographic information collected by CBP in its law enforcement mission to secure the United States borders. Acknowledging the existence of IDENT records would reveal, for example, whether the Duke of Sussex applied for certain immigration benefits or was the subject of any adverse actions.  Immigration status

implicates significant privacy interests. Confirmation of any adverse action or immigration applications would necessarily reveal the precise information that Exemptions (b)(6) and (b)(7)(C) shield.

25. In addition, simply identifying whether records regarding any requests for a waiver pursuant to Section 212(d)(3) of the Immigration and Nationality Act exist would confirm that the Duke of Sussex may have required a waiver before any travel to the United States. The release of such information would be a violation of his privacy interests.

26. Plaintiff alleges in its FOIA request that "[i]t is unclear at this juncture whether DHS complied with the law, if in admitting Prince Harry, did so without a waiver or any interview with CBP…" Merely alleging wrongdoing, however, is insufficient to establish public interest; the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety may have occurred. Plaintiff has failed to provide such evidence in this case. As such, Plaintiff has failed to show that public interest outweighs the Duke of Sussex' right to personal privacy.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 25th day of August 2023.

                                                         _____
                                                         Catrina M. Pavlik-Keenan
                                                         Deputy Chief FOIA Officer
                                                         Privacy Office
                                                         U.S. Department of Homeland Security