# EXHIBIT 6
# to
# THIRD DEWEY DECL.

## RE: 23-cv-1198 Heritage Foundation v. DHS

| | |
|---|---|
| From | Samuel Dewey <samueledewey@sedchambers.com> |
| To | 'Bardo, John \(USADC\)'<John.Bardo@usdoj.gov> |
| CC | Mauler, Dan<Dan.Mauler@heritage.org>, 'Eric Cornett'<encornett@proton.me>, Jankowski, Roman<Roman.Jankowski@heritage.org> |
| Date | Friday, June 9th, 2023 at 4:33 PM |

Jack:

Apologies.  I may not have made myself clear.

As I understand it, CBP did not conduct a search.  (If we are mistaken please let us know as soon as possible.)  So as concerns CBP there is no *Vaughn* Index to be created.  As to the CBP *Glomar* we do not need declarations to litigate it.  The rationale for the *Glomar* is irrelevant; it plainly is overbroad and hence improper as we detailed in our Reply at 21–22.  Those are the only issues we envision briefing and they are pure issues of law as framed.  Two distinct questions of law seem to be the type of issues that could be briefed now while the other DHS components are working on *Vaughan* Indices and declarations so the case did not otherwise sit "idle."  The legal issues are distinct so we wouldn't be briefing issues that would reoccur on the "merits."  And to be clear, we are not suggesting we would want CBP to move; that is open to discussion.  We are happy to move on the CBP's blatantly unlawful basis for refusing to conduct a search.  Moreover, it seems to us more efficient to proceed this way in that if Judge Nichols rules in our favor as we fully expect, CBP will then be compelled to run a search which would further delay having a "completed" set of declarations and *Vaughan* Indices for "merits" resolution.  It seems to us that this approach comports with that adopted in other matters where one component issues a *Glomar* ripe for immediate litigation and the other has on-going processing.  *See, e.g.*, *Gov't Accountability Project v. CIA*, 548 F.Supp.3d 140, 147 (D.D.C. 2021) (deciding motion for partial summary judgement on CIA *Glomar* while other agencies  were processing FOIA request).  If we are missing something with the foregoing analysis, please tell us.  As we have repeatedly said, Plaintiffs are amenable to any approach to move the matter along.  That said, we do not find it helpful to invoke a rote "policy" that everything always must wait as that seems to us to be both needlessly inflexible and correlate to taking the maximum time to litigate a FOIA

case.  It seemed fairly clear to us that Judge Nichols recognized the unusual nature of this case and the media and public interest in prompt resolution.  Judge Nichols has ordered partial summary judgement briefing in a FOIA case where due to timing issues resolution of discrete questions in isolation was more efficient and allowed a measure of "parallel" tracking to expedite a matter.  *See Inst. for Justice v. IRS*, 547 F.Supp.3d 1 (D.D.C. 2021).

Again, our only interest in scheduling and procedure is moving this matter along promptly.  So we reiterate we are happy to work with you on this issue.  Another possible alternative is to raise the issue with you and Judge Nichols at a status conference.

We look forward to discussing the matters raised herein at your earliest convenience.

Best,

Sam

---

**From:** Bardo, John (USADC) <John.Bardo@usdoj.gov>
**Sent:** Wednesday, June 7, 2023 7:51 PM
**To:** samueledewey@sedchambers.com
**Cc:** Mauler, Dan <Dan.Mauler@heritage.org>; 'Eric Cornett' <encornett@proton.me>; Jankowski, Roman <Roman.Jankowski@heritage.org>
**Subject:** 23-cv-1198 Heritage Foundation v. DHS

Hi Sam,

Our office does not agree to piecemeal briefing schedules in FOIA matters. The Courts also frown upon them. Once all production is complete, the next step will be for my clients to share draft declarations and draft Vaughn

Indices with your clients. After you have reviewed all of these items, then we will discuss a briefing schedule.

**John J. "Jack" Bardo**

Assistant United States Attorney

United States Attorney's Office

District of Columbia

601 D Street, NW

Washington, DC 20530

Phone: (202) 870-6770

Email: John.Bardo@usdoj.gov

---

**From:** samueledewey@sedchambers.com <samueledewey@sedchambers.com>
**Sent:** Wednesday, June 7, 2023 6:33 PM
**To:** Bardo, John (USADC) <JBardo@usa.doj.gov>
**Cc:** Mauler, Dan <Dan.Mauler@heritage.org>; 'Eric Cornett' <encornett@proton.me>; Jankowski, Roman <Roman.Jankowski@heritage.org>
**Subject:** [EXTERNAL] 3-cv-1198

John:

I hope this email finds you well. Given the Judge's clear indication that he wants to move this matter along, we wanted to talk to you about a potential summary judgement scheduling issue.

To our mind the issue of the lawfulness of CBP's construction of its regulation and their *Glomar* seems to be separate in terms of the narrow legal issues presented, from the merits of any Exemption 6 or 7(C) withholdings that involve a specific set of searched records. It also seems to us that these discrete legal issues could be briefed more quickly than issues that involve in some way a set of records and withholdings based on specific records. They are also in some

way ancillary to the "merits" issues in that we fully expect Judge Nichols to rule against CBP and that ruling would then require a search by CBP prior to reaching the merits.  That search would then take time.

In light of that it seems to us that we should proceed with expeditious briefing on those issues now rather than later.

Happy to discuss.

Thanks,

Sam