UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et. al,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>    Defendant. | Civil Action No. 23-1198 (CJN) |

**DEFENDANT'S RESPONSE TO PLAINTFFS' LOCAL RULE 7(h)(1) STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Defendant Department of Homeland Security respectfully submits the following in response to Plaintiffs' Statement of Undisputed Material Facts.

1. Files responsive to Plaintiffs' FOIA Request (ECF No. 7-2) ("Request") do not relate to a criminal investigation.

**Response**: Disputed. Plaintiffs do not support this factual assertion with citations to the record as required under Fed. R. Civ. ("Rule") 56(c)(1). Regardless, this statement is disputed because Defendant does not confirm or deny the existence of any records other than records within the USCIS Person Centric Identity Services and the Person Centric Query System, and the CBP entry and exit records. Ex. 1, Panter Decl. ¶¶ 14-16; Ex. 2, Suzuki Decl.¶ 17

2. The Duke of Sussex is lawfully within the United States.

**Response**: Disputed. Plaintiffs do not support this factual assertion with citations to the record as required under Rule 56(c)(1). Regardless, this statement is disputed because neither Prince Harry nor the Government have revealed Prince Harry's status in the United States. Ex. 1, Panter Decl. ¶ 20.

3.  The Duke of Sussex has not entered or resided in the United States on Category A visa from March 2020 to present.

**Response**: Disputed. Plaintiffs do not support this factual assertion with citations to the record as required under Rule 56(c)(1). Regardless, this statement is disputed because neither Prince Harry nor the Government have revealed Prince Harry's status in the United States. Ex. 1, Panter Decl. ¶ 20.

4.  The Duke of Sussex was required to answer in writing whether he had ever violated any laws related to drugs prior to lawfully entering the United States.

**Response**: Objection. Plaintiffs do not support this factual assertion with citations to the record as required under Rule 56(c)(1).

5.  The Duke of Sussex has no cognizable privacy interest under Exemption 6 or 7(C) in matters revealed in Spare or related publicity including his "talk" with Dr. Gabor Maté.

**Response**: Objection. Plaintiffs do not support this factual assertion with citations to the record as required under Rule 56(c)(1).

6.  The Duke of Sussex as a Royal Duke and Counselor of State is a high-ranking public official.

**Response**: Objection. Plaintiffs do not support this factual assertion with citations to the record as required under Rule 56(c)(1).

7.  The Duke of Sussex is a public figure.

**Response**: Objection. Plaintiffs do not support this factual assertion with citations to the record as required under Rule 56(c)(1).

\*   \*   \*

Dated: November 13, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: *John J. Bardo*
JOHN J. BARDO
D.C. Bar # 1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*