UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et. al,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>    Defendant. | Civil Action No. 23-1198 (CJN) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO <u>STRIKE OR IN THE ALTERNATIVE FOR LIMITED DISCOVERY</u>**

## TABLE OF CONTENTS

Table of Authorities ………………………………………..………………………………....…ii

Introduction ………………………………………..……………………………………………..1

Argument ……………………………………………………………………………………..…1

    I.   CBP Did Not Engage in Bad Faith …………………………….………..…………….1

    II.  The CBP Declaration Was Not Executed in Bad Faith and Thus Should Not be Struck …..4

    III.  Plaintiffs Should Not be Permitted to Take Discovery …………………………………6

Conclusion ………………………………………………………………………………..……..8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACLU v. Fed. Bureau of Prisons*, Civ. A.,
   No. 20-2320 (RBW), 2022 WL 1262112 (D.D.C. Apr. 28, 2022) ........................................... 5
*Ajluni v. FBI*,
   947 F. Supp. 599 (N.D.N.Y. 1996) ...................................................................................... 7
*Am. Oversight v. Dep't of Just.*,
   401 F. Supp. 3d 16 (D.D.C. 2016) ....................................................................................... 3
*Barnard v. Dep't of Homeland Sec.*,
   598 F. Supp. 2d 1 (D.D.C. 2009) ......................................................................................... 5
*Bayala v. Dep't of Homeland Sec.*,
   246 F. Supp. 3d 16 (D.D.C. 2017) ....................................................................................... 3
*Bayala v. Dep't of Homeland Sec., Office of Gen. Counsel*,
   827 F.3d 31 (D.C. Cir. 2016) ............................................................................................ 3, 4
*Bonfilio v. OSHA*,
   320 F. Supp. 3d 152 (D.D.C. 2018) .................................................................................. 6, 7
*Boyd v. Dep't of Just.*,
   475 F.3d 381 (D.C. Cir. 2007) ............................................................................................. 3
*Heily v. Dep't of Commerce*,
   69 Fed. Appx. 171 (4th Cir. 2003) ...................................................................................... 7
*Inst. for Pol'y Stud. v. CIA*,
   885 F. Supp. 2d 120 (D.D.C. 2012) ..................................................................................... 5
*Isiwele v. HHS*,
   85 F. Supp. 3d 337 (D.D.C. 2015) ....................................................................................... 6
*Jett v. FBI*,
   241 F. Supp. 3d 1 (D.D.C. 2017) ......................................................................................... 7
*Leadership Conf. on Civ. Rts. v. Gonzales*,
   404 F. Supp. 2d 246 (D.D.C. 2005) ..................................................................................... 2
*Majuc v. Dep't of Just.*,
   Civ. A. No. 18-0566 (APM), 2022 WL 266700 (D.D.C. Jan. 28, 2022) ............................. 5
*Maydak v. Dep't of Just.*,
   218 F.3d 760 (D.C. Cir. 2000) ............................................................................................. 3
*Military Audit Project v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) ............................................................................................. 3
*Mobley v. Cent. Intelligence Agency*,
   924 F. Supp. 2d 24 (D.D.C. 2013) ....................................................................................... 4
*Murphy v. FBI*,
   490 F. Supp. 1134 (D.D.C. 1980) ........................................................................................ 7
*Muttitt v. Dep't of State,*
   926 F. Supp. 2d 284 (D.D.C. 2013) ..................................................................................... 2
*National Sec. Archive v. FBI*,
   759 F. Supp. 872 (D.D.C. 1991) ...................................................................................... 4, 6

*Pavement Coatings Tech. Council v. U.S. Geological Surv.*,
  995 F.3d 1014 (D.C. Cir. 2021) .................................................................................. 6
*Pulliam v. EPA*,
  292 F. Supp. 3d 255 (D.D.C. 2018) .............................................................................. 7
*Schrecker v. Dep't of Just.*,
  217 F. Supp. 2d 29 (D.D.C. 2002) ................................................................................ 5
*Sec. Ser*v.,
  608 F.2d 1381 (D.C. Cir. 1979) .................................................................................... 4
*Thomas v. Dep't of Health & Human Servs.*,
  587 F. Supp. 2d 114 (D.D.C. 2008) .............................................................................. 6
*Wash. Post Co. v. Special Inspector Gen. for Afg. Reconstruction*,
  486 F. Supp. 3d 141 (D.D.C. 2020) .............................................................................. 6
*Wheeler v. CIA*,
  271 F. Supp. 2d 132 (D.D.C. 2003) .............................................................................. 6

**Statutes**

5 U.S.C. § 552(a)(4)(B) ........................................................................................................ 3

Defendant the U.S. Department of Homeland Security ("the Department" or "Defendant") respectfully submits this memorandum in opposition to Plaintiffs the Heritage Foundation and Mike Howell's Motion to Strike the Declaration of Shari Suzuki or, in the alternative, to take limited discovery (ECF No. 30).

## INTRODUCTION

Plaintiffs seek an order partially striking the declaration of Shari Suzuki, the Freedom of Information Act ("FOIA") Appeals Officer for U.S. Customs and Border Protection ("CBP") (ECF No. 23-5), or in the alternative, allowing Plaintiffs to take limited discovery. Plaintiffs baselessly allege that CBP engaged in "bad faith" when the agency issued full a *Glomar* response to Plaintiffs' FOIA request during the administrative portion of this matter. But after Defendant answered the Complaint, CBP modified its position and acknowledged that it has records reflecting Prince Harry's entry into and exit from the United States. Suzuki Decl. ¶¶ 16-17 (ECF No. 23-5). Plaintiffs, in essence, are seeking relief because they disagree with a legal argument that CBP no longer advances. Because Plaintiffs have not made the requisite showing of bad faith, Plaintiffs motion to strike, or in the alternative to take discovery, should be denied.

## ARGUMENT

A "motion to strike is considered an exceptional remedy and is generally disfavored[.]" *United States ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (Lamberth, J.) (denying motion to strike) (quoting *Larouche v. Dep't of the Treasury*, Civ. A. No. 91-1655 (RCL), 2000 WL 805214, at *13 (D.D.C. Mar. 31, 2000)). While "[a] court has 'liberal discretion' to strike document on its own initiative," *McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, Civ. A. No. 05-2401 (RJL/JM), 2008 WL 2569418, at *1 (D.D.C. June 24, 2008)

(denying motion to strike), the proponent of a motion to strike shoulders a "formidable burden." *K&R Ltd.*, 456 F. Supp. 2d at 53.  Plaintiffs fail to meet their burden here.

I. **CBP Did Not Engage in Bad Faith.**

On May 23, 2023, before Defendant answered the complaint, CBP issued a determination on Plaintiffs' administrative appeal refusing to confirm or deny whether the agency had records regarding Prince Harry.  FOIA Appeal Determination; Prince Henry Charles Albert David, Duke of Sussex; CBP-FO-2023-053731, at 10 (ECF No. 14-1).  On July 5, 2023, after Defendant had answered the Complaint, CBP amended its determination acknowledging that it possessed entry and exit records responsive to the request because of the "broad public acknowledgment" that Prince Harry had traveled to the United States.  Suzuki Decl. ¶¶ 13, 37.  But despite acknowledging that the entry and exit records existed, CBP did not release any portion of them because it determined that they were categorically exempt under Exemptions 6 and 7(C), the personal privacy exemptions.  *Id.* ¶¶ 21-22, 25-27.

Plaintiffs make much of the fact that CBP maintained the full *Glomar* response that it issued during the administrative phase while opposing Plaintiff's motion for a preliminary injunction to order expedited processing.  Mot. to Strike at 7-14.[1]  But in opposing Plaintiff's motion for a preliminary injunction, CBP was not required to defend its May 23, 2023, decision on the merits.  Once an agency provides a "complete response," "[a] district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records."  5 U.S.C. § 552(a)(6)(E)(iv).  The May 23, 2023, determination was a "complete response" because it constituted "a final administrative determination whether to release any

---

[1] When citing docket entries, Defendant cites the page numbers generated in the headings through the Court's ECF system.

records that are responsive to the . . . request." *Muttitt v. Dep't of State,* 926 F. Supp. 2d 284, 296 (D.D.C. 2013).

The question of whether CBP's response was complete was separate from whether CBP's "search efforts were adequate or that its withholding determinations were warranted." *Id.* An order granting Plaintiffs expedited processing could not have compelled CBP to make any particular response, rather the order would have simply required CBP to move Plaintiffs' request to the front of the FOIA processing queue. *Id.; Leadership Conf. on Civ. Rts. v. Gonzales*, 404 F. Supp. 2d 246, 259 (D.D.C. 2005). Further CBP's prior position caused Plaintiffs no harm because under both the May 23 and July 5 determinations, CBP did not provide Plaintiff with responsive records. *Boyd v. Dep't of Just.*, 475 F.3d 381, 389 (D.C. Cir. 2007) ("Because Boyd was not entitled to this information, he was not harmed by the government's refusal to confirm or deny whether it possessed responsive information"). CBP's acknowledgement of the entry and exit records is the only difference between the May 23 and July 5, 2023, determinations, and the July 5, 2023, determination did not result in CBP providing Plaintiffs any portions of those records. Suzuki Decl. ¶¶ 13, 17.

The parties have cross-moved for summary judgment, *see* ECF Nos. 23, 26, but rather than focus their efforts on winning their case on the merits, Plaintiffs have chosen to pursue this sideshow of relitigating issues from their motion for preliminary injunction. CBP's response is now subject to de novo review. 5 U.S.C. § 552(a)(4)(B). "[O]nce *de novo* review is available, further review of prior administrative proceedings is inappropriate." *Bayala v. Dep't of Homeland Sec.,* 246 F. Supp. 3d 16, 23 (D.D.C. 2017). CBP's current position renders "the propriety of the original agency decision . . . an entirely academic question." *Bayala v. Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016); *see also Maydak v. Dep't of Just.*,

218 F.3d 760, 764-65 (D.C. Cir. 2000) (holding that the Government must assert all exemptions at the same time, in the original district court proceedings).

Perhaps most importantly, CBP's decision to modify its position is evidence of good faith, not bad faith. *Am. Oversight v. Dep't of Just.*, 401 F. Supp. 3d 16, 26 (D.D.C. 2016) (that an agency "changes course, does not alone displace the good-faith presumption courts accord its declarations."). Reaching any other conclusion "would work mischief in the future by creating a disincentive for an agency to reappraise its position, and when appropriate, release documents previously withheld*." Military Audit Project v. Casey*, 656 F.2d 724, 754 (D.C. Cir. 1981).

## II.     The CBP Declaration Was Not Executed in Bad Faith and Thus Should Not be Struck.

Plaintiffs seek to partially strike the declaration that CPB FOIA Appeals Officer Shari Suzuk submitted in support of Defendant's motion for summary judgment. *See generally* Pl. Mot. to Strike. In considering whether an agency declaration was made in bad faith, "[t]he sufficiency of the affidavit[] is not undermined by a mere allegation of agency misrepresentation or bad faith." *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). "The only situation in which the Court would withhold a presumption of good faith as to a sworn agency declaration is if the plaintiffs were able to present contrary evidence of bad faith." *Mobley v. CIA*, 924 F. Supp. 2d 24, 63 (D.D.C. 2013) (finding that "inconsistency in [the declarant's] declaration [was] not evidence of bad faith"). "Courts must presume that a reasonably specific affidavit is accurate and truthful, unless the plaintiff presents evidence of inconsistencies in the affidavits or other evidence that the agency has acted in bad faith." *Nat'l Sec. Archive v. FBI*, 759 F. Supp. 872, 878 (D.D.C. 1991). Plaintiffs did not identify a single statement in Suzuki's declaration that is false or inconsistent, nor do they present any evidence that the declaration was submitted in bad faith. Rather, Plaintiffs criticize the declaration for not explaining why CBP modified its position and for not containing

4

enough detail.  Cross-Mot. at 15-16.  But as explained above, the fact that CBP modified its position makes the legality of its prior position an "an entirely academic question," *Bayala*, 827 F.3d, at 35, and thus no further explanation is necessary.  Notably, the declaration acknowledged that CBP modified its position and attached both the May 23 and July 5, 2023 determinations as exhibits.  Suzuki Decl. ¶¶ 16-17; Ex. A (ECF No. 23-6); Ex. B (ECF No. 26-7).

Suzuki's declaration is based on her personal knowledge, "which includes knowledge acquired through, and agency files reviewed in, the course of [her] official duties."  Suzuki Decl. ¶ 3.  Courts in this jurisdiction routinely affirm that a declaration of an agency official who is knowledgeable about the agency's FOIA practices and familiar with the documents in question has been found to satisfy the personal knowledge requirement for summary judgment declarations. *See, e.g.*, *ACLU v. Fed. Bureau of Prisons*, Civ. A. No. 20-2320 (RBW), 2022 WL 1262112, at *5 (D.D.C. Apr. 28, 2022) ("the information a declarant provides in a FOIA matter need not be independently corroborated in order to survive a hearsay objection"); *Majuc v. Dep't of Just.*, Civ. A. No. 18-0566 (APM), 2022 WL 266700, at *3 (D.D.C. Jan. 28, 2022) ("Courts routinely have held that declarants in FOIA cases can rely on information obtained through inter-agency consultations without running afoul of hearsay rules."); *Inst. for Pol'y Stud. v. CIA*, 885 F. Supp. 2d 120, 134 (D.D.C. 2012) ("[a] declarant is deemed to have personal knowledge if he has a general familiarity with the responsive records and procedures used to identify those records and thus is not required to independently verify the information contained in each responsive record"); *Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 19 (D.D.C. 2009) ("FOIA declarants may include statements in their affidavits based on information that they have obtained in the course of their official duties"); *Schrecker v. Dep't of Just.*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) (rejecting argument that affidavit was hearsay because affiant was "responsible for the FBI's compliance

5

with FOIA litigation and is therefore not merely speculating about the FBI activities"), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003).

Plaintiffs identify specific paragraphs that they seek the Court to strike, but none of the statements in any of these paragraphs are false or reveal any other bad faith by CBP. Paragraphs 21, 26, 32, and 37 simply describe CBP's analysis of the balancing between Prince Harry's privacy interests in his immigration records and weigh those interests against the public interest in disclosure.[2] Should the Court determine that CBP has not explained its rationale for the withholdings and partial *Glomar* response with the requisite specificity, then the Court should order CBP to supplement its declaration rather than strike it. *See e.g., Wash. Post Co. v. Special Inspector Gen. for Afg. Reconstruction*, 486 F. Supp. 3d 141, 163 (D.D.C. 2020) (ordering the agency to supplement its declaration because "is not clear that the privacy interests outweigh the public interests in every case.") *Isiwele v. Dep't of Health & Hum. Servs.*, 85 F. Supp. 3d 337, 356 (D.D.C. 2015) (noting that when "the record includes deficient declarations, the courts generally will request that the agency supplement its supporting declarations"). Importantly, "abstract statements" that are "sufficiently detailed to demonstrate the reasoning employed by the government," but not "sufficiently detailed to allow the Court or the plaintiff to verify that the documents actually say what the government says they do" do not overcome the presumption of good faith. *Nat'l Sec. Archive*, 759 F. Supp., at 878.

---

[2] Plaintiffs also ask the Court to strike paragraph 30, which explains CBP's reasoning for its Exemption 7(E) withholdings. Mot to Strike at 17. But Plaintiffs provide no explanation for why this particular paragraph should be struck. Notably, Plaintiffs do not contest the Exemption 7(E) withholdings in their cross-motion for summary judgment. ECF No. 26.

### III.     **Plaintiffs Should Not be Permitted to Take Discovery.**

Courts have repeatedly held that "discovery is rarely appropriate in FOIA cases." *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, 995 F.3d 1014, 1024 (D.C. Cir. 2021); *see also, e.g., Bonfilio v. OSHA*, 320 F. Supp. 3d 152, 157 (D.D.C. 2018) ("Discovery is strongly disfavored in FOIA cases."); *Thomas v. Dep't of Health & Hum. Servs.*, 587 F. Supp. 2d 114, 115 n.1 (D.D.C. 2008) ("discovery is an extraordinary procedure in a FOIA action"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). Discovery in a FOIA case is "permitted only upon a showing that the agency acted in bad faith." *Bonfilio*, 320 F. Supp. 3d at 157 (denying discovery and distinguishing the plaintiff's case from cases where there was "record evidence that the agency intentionally destroyed responsive records" after submission of a FOIA request). Plaintiffs have not presented evidence that CBP acted in bad faith and thus discovery is not warranted.

In the rare FOIA cases where Courts have permitted discovery, the scope of discovery is generally "limited to the scope of agency's search and its indexing and classification procedures." *Heily v. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003); *see also Pulliam v. EPA*, 292 F. Supp. 3d 255, 260-61 (D.D.C. 2018) (allowing limited discovery to resolve discrepancy between prior declarations which stated only email records were searched and fourth declaration which stated that all electronic records were searched); *Jett v. FBI*, 241 F. Supp. 3d 1, 14 (D.D.C. 2017) (granting discovery request for "limited purpose of determining whether the FBI has the capability of simultaneously searching for records in the CRS and ELSUR indices"). The topic that Plaintiffs seek to explore in discovery, namely the reasons why CBP modified its *Glomar* response from a full *Glomar* to a partial *Glomar* before briefing summary judgment, Cross-Mot. at 19, is not the sort of topic that Courts have found to be an appropriate discovery topic. *Ajluni v. FBI*, 947 F.

7

Supp. 599, 608 (N.D.N.Y. 1996) (explaining that discovery not permitted into the "thought processes of [the] agency in deciding to claim a particular FOIA exemption"); *Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) (stating that "discovery is limited to factual disputes . . . [and that] the thought processes of the agency in deciding to claim a particular FOIA exemption . . . are protected from disclosure"). Finally, most of the information that would be responsive to any hypothetical discovery requests regarding CBP's modification of its response would be protected by the attorney-client privilege or the work product doctrine.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion to strike, or in the alternative, take limited discovery.

Dated: November 13, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____*John J. Bardo*_____
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*