UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY <br><br> Defendant. | Civil Action No. 23-1198 (CJN) |

### RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant the U.S. Department of Homeland Security respectfully submits this response to Plaintiffs the Heritage Foundation and Mike Howell's notice of supplemental authority (ECF No. 42).

The authorities that Plaintiffs cite do not undermine Defendant's proper withholding under Exemptions 6 and 7(C) of the Freedom of Information Act of information regarding the Duke of Sussex's immigration status to protect his privacy. Plaintiffs argue that Jane Hartley, U.S. Ambassador to the Court of Saint James, revealed information about the Duke's immigration status during an interview with *Sky News*. Pl. Notice at 3. But Hartley's comment was simply a reaction to former President Donald Trump suggesting that, if he is elected to the presidency again, he would consider deporting the Duke.[1] Contrary to Plaintiffs' representations, Hartley's comments did not reveal any non-public information regarding the Duke's status, and Hartley did not state that that Duke would not be deported "regardless of future circumstances." *Id.* at 4. If anything, Hartley's comment that the Duke would not be deported under the Biden Administration is

---

[1] The Duke first took up residence in the United States in March 2020, when Trump was still President. Arthur Decl. ¶ 29 (ECF No. 28).

consistent the position that Defendant has taken in this litigation, namely that the Duke's admission to and residence in the United States suggests no government impropriety. *See, e.g.*, Reply and Cross Opp'n at 9 (ECF No. 31).

Moreover, Plaintiffs oversell their contention that *United for FBI Integrity v. Department of Justice*, Civ. A. No. 22-2885 (RC), 2024 WL 961001 (D.D.C. Mar. 6, 2024), advances their case. Pl. Notice at 6. Far from characterizing the requester's burden to show evidence of government impropriety under *National Archives & Records Administration v. Favish*, 541 U.S. 157 (2003) as "not a high bar," Pl. Notice at 6, the *United for FBI Integrity* court described it as "a more stringent standard." 2024 WL 961001, at *11 (citing *Favish*, 541 U.S. at 174 ("[a]llegations of government misconduct are 'easy to allege and hard to disprove,' so courts must insist on a meaningful evidentiary showing")). *United for FBI Integrity* raised no novel issues of law and was decided on settled principles governing the application of FOIA to an undisputed factual record. The request sought records withheld under Exemptions 6 and 7(C) regarding a former high-level FBI employee. *United for FBI Integrity*, 2024 WL 961001, at *2-3. The Court performed the same balancing test between the former employee's privacy interests and the public interest in disclosure that courts routinely perform in FOIA cases involving withholdings under Exemptions 6 and 7(C). *Id.* at *11. The Court determined that for some of the records sought the public interest outweighed privacy interests, whereas for others the privacy interest outweighed the public interest. *Id.*, at 5.

In short, neither Hartley's statement nor Judge Contreras's opinion in *United for FBI Integrity* undermines the bases to grant Defendant summary judgment (ECF No. 23) and deny Plaintiff's cross motion for partial summary judgment (ECF No. 26).

Dated: April 18, 2024
Washington, DC

           Respectfully submitted,

           MATTHEW M. GRAVES, D.C. Bar # 481052
           United States Attorney

           BRIAN P. HUDAK
           Chief, Civil Division

           By:      *John J. Bardo*
                JOHN J. BARDO, D.C. Bar # 1655534
                Assistant United States Attorney
                601 D Street, NW
                Washington, DC 20530
                (202) 870-6770

           *Attorneys for the United States of America*