# Exhibit 1

IN CAMERA, EX PARTE DECLARATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Heritage Foundation, | ) | |
| | ) | |
| Mike Howell, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-1198 (CJN) |
| | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### *IN CAMERA, EX PARTE* **DECLARATION OF JARROD PANTER**

I, Jarrod Panter, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      As stated in my public declaration dated August 25, 2023 (ECF No. 23-3), I am the Acting Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security ("DHS"), in Lee's Summit, Missouri. Additional information regarding my background and relevant FOIA experience is provided in my public declaration filed in this case.

2.      This *in camera, ex parte* declaration is being provided in response to the Court's Order of March 7, 2024 (ECF No. 38) directing the Defendant to submit to the Court "*in camera* a declaration or declarations that detail, with particularity, the records it is withholding and the particular harm that would arise from public disclosure of them." *Id.*

3.      Per the Court's order, in the chart below, are detailed descriptions of the documents identified by USCIS's FOIA office as responsive to Plaintiffs' request that are being withheld in full per Exemption 6, 5 U.S.C. § 552(b)(6) based on the privacy interests of the Duke of Sussex.

IN CAMERA, EX PARTE DECLARATION

The documents are listed in the chart below in the order in which they were scanned into the

USCIS's FOIA processing system.

| DATE OF DOCUMENT | DESCRIPTION |
|---|---|
| ███ | ██████████████████████ ████ |
| ███ | ███████████████████████ ██████████████ ████████ |
| ███ | █████████████████████████ ███████████ ███████ |
| ███ | ███████████████ ██ ████ ███ ████████████ █████ |
| ███ | ██████████████████████ █ █ ████ ███ ███ █████ |

IN CAMERA, EX PARTE DECLARATION



IN CAMERA, EX PARTE DECLARATION



IN CAMERA, EX PARTE DECLARATION

IN CAMERA, EX PARTE DECLARATION



IN CAMERA, EX PARTE DECLARATION



IN CAMERA, EX PARTE DECLARATION

4.      As the documents reflect, ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ [1]

Documents Withheld in Full

5.      As explained in USCIS's public declaration, USCIS has determined that all records

responsive to Plaintiffs' FOIA request are categorically exempt from disclosure pursuant to

FOIA Exemption 6 and in part based on Exemptions (b)(7)(C) and (b)(7)(E), 5 U.S.C. §

552(b)(7)(C) and (b)(7)(E).  This declaration further explains Exemption 6 in response to the

Court's order.

---

[1] USCIS attached relevant documents reflecting the Duke's immigration status ███████████████████████████
████████████████████  Additional documents can be provided to the Court if needed.

IN CAMERA, EX PARTE DECLARATION

<u>Exemption 6</u>

6.      Exemption 6 of the FOIA protects "personnel and medical files and similar files the

disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5

U.S.C. § 552(b)(6).  Exemption 6 has been applied to the records responsive to Plaintiffs' request

because to publicly reveal the above-described documents or any portion of these documents

would reveal ███████████████████████████████ in violation of his right to privacy.  ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

7.      As explained in USCIS's public declaration, specific details regarding these records or

the volume of the records could not be disclosed as the records would show ██████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████ USCIS determined that it was not possible to release any

record or any portion of the records as it would allow someone with any familiarity with

immigration law to determine ███████████████████████ for the Duke in the United States.

USCIS routinely protects from disclosure the nonimmigrant/immigrant status sought by third

9

IN CAMERA, EX PARTE DECLARATION

parties who do not have permission from the beneficiary to receive this information. To release

such information would potentially expose the individual to harm from members of the public

who might have a reason to manipulate or harass individuals depending on their status in the

United States. Further, USCIS determined that to release the specific information for the Duke

███████████████████████████████████████████████

███████████████████   To release his exact status could subject him to reasonably

foreseeable harm in the form of harassment as well as unwanted contact by the media and others.

8.      The records also contain very specific private and personal information including specific

file and record identifiers in the records, ███████████████████████████

███████████████████████████████████████████████

██████████████████████████████

9.      Under Exemption 6, once an agency identifies privacy interests, even if those privacy

interests are lessened or diminished, they are balanced against the public interest in disclosure.

Public interest, as defined by FOIA, is that which sheds light on the activities of the agency. As

stated in the USCIS's public declaration, in most cases, there is no discernable public interest in

the disclosure of nonimmigrant/immigrant records because disclosure of private information in

USCIS files regarding specific individuals does not shed light on the activities of USCIS, and as

a result would constitute a clearly unwarranted invasion of their personal privacy.

10.     The Plaintiffs bear the burden of establishing that the public interest in disclosure

outweighs an individual's personal privacy interests in their information and that a significant

public benefit would result from the disclosure of the individual's records. Moreover, a

requester who asserts a government misconduct public interest must produce evidence that

would be deemed believable by a "reasonable person" for there to exist a counterweight on the

FOIA scale to allow USCIS to balance against cognizable privacy interests in the requested records. A Plaintiff who alleges government misconduct as justification for disclosure must put forward compelling evidence that the agency denying the FOIA request is engaged in illegal activity and shows that the information sought is necessary to confirm or refute that evidence.

11.    In this case, there is no privacy waiver by the Duke and the documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ He has not publicly or officially disclosed ▮ ▮▮▮▮▮▮▮▮▮▮▮▮ There is the potential of harm in the form of harassment if his exact ▮ ▮▮▮▮▮▮▮▮▮▮ is revealed. Thus, there is significant privacy interests involved in the records. Plaintiffs have not established public interest, as defined by the FOIA, in disclosure of the records. Plaintiffs allege that the records should be disclosed as public confidence in the government would suffer or to establish whether the Duke was granted preferential treatment. This speculation by Plaintiffs does not point to any evidence of government misconduct. The records, as explained above, do not support such an allegation but show the regulatory process involved in reviewing and granting immigration benefits which was done in compliance with the Immigration and Nationality Act, 8 U.S.C. § 1103 and applicable rules and regulations.

<u>GLOMAR Response on Item 3 of Plaintiffs' Request</u>

12.    With regard to item 3 of Plaintiffs' request seeking any information related to a waiver under Section 212(d)(3) of the INA, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



IN CAMERA, EX PARTE DECLARATION

████████████████████████████████████

████████████████████████████████

████

██    ███████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████

 I declare under the penalty of perjury that the foregoing is true and accurate to the best of my

knowledge and belief.

Executed in Lees Summit, Missouri, on this _____ day of  April 2024.

JARROD T PANTER   Digitally signed by JARROD T PANTER
                   Date: 2024.04.03 09:12:54 -05'00'
_____

Jarrod Panter
Acting Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center