# Exhibit 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION & MIKE HOWELL, <br><br>　　　　Plaintiffs <br><br>　　　v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY <br><br>　　　　Defendant. | Case No. 23-cv-1198 (CJN) <br> **FILED *EX PARTE* AND *IN CAMERA*** |

## DECLARATION OF SHARI SUZUKI

I, Shari Suzuki, declare as follows:

1. I am the Freedom of Information Act (FOIA) Appeals Officer, and Chief of the FOIA Appeals and Policy Branch (FAP), Regulations and Rulings, Office of Trade (OT), U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). Since April 2, 2006, I have been the official charged with the following responsibilities: (1) giving guidance and instruction to CBP personnel regarding processing FOIA requests; (2) adjudicating administrative appeals that concern FOIA requests; and (3) overseeing all CBP activities related to information disclosure under FOIA.

2. This Declaration is filed in response to the Order issued March 7, 2024, which directed CBP to submit to the Court *in camera* a declaration that details "with

particularity, the records it is withholding and the particular harm that would arise from the public disclosure of them."

3. This Declaration assumes familiarity with my previous Declaration dated August 24, 2023.

## DESCRIPTION OF THE RECORDS AND
## HARM THAT WOULD ARISE FROM PUBLIC DISCLOSURE

4. Other than entry and exit records, as is the practice when asserting a *Glomar* response, CBP had not searched for additional records concerning the Duke of Sussex prior to the Court's March 7, 2024, order. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5. Of the remaining ████████████ listed in Section 2 of Plaintiffs' request, one of the systems of records, the Automated Biometric Identification System, was not searched by CBP as it is not a CBP system and is being separately addressed. The Non-Federal Entity Data System (NEDS) was not separately searched as that system of records is regarding a dataset of travel document information, such as Enhanced Driver's Licenses, shared with CBP by certain states, Native American Tribes, Canadian provinces, and other non-

federal governmental authorities. There is no apparent relevance of this dataset to the Duke of Sussex as a citizen of the United Kingdom who travels to and from the United States ███████████████████████████████████

███████████████████████████████████████

Additional information regarding NEDS is available at

https://www.govinfo.gov/content/pkg/FR-2008-07-25/html/E8-17126.htm.

6. Similarly, the DHS Use of the Terrorist Screening Database (TSDB) System of Records was not separately searched as that system of records is regarding DHS's use of the TSDB, which is a dataset regarding known or suspected terrorists that is owned by the Federal Bureau of Investigation. Additional information regarding this system of records is available at https://www.federalregister.gov/documents/2016/04/06/2016-07895/privacy-act-of-1974-department-of-homeland-securityall-030-use-of-the-terrorist-screening-database.

7. The Electronic Visa Update System (EVUS) also was not searched as EVUS is an enrollment system used to collect information from certain nonimmigrant citizens of the People's Republic of China. As the Duke of Sussex is not a citizen of China, EVUS was not searched. Additional information regarding EVUS is available at https://www.federalregister.gov/documents/2023/06/27/2023-13540/privacy-act-of-1974-system-of-records and https://www.dhs.gov/publication/dhscbppia-033-electronic-visa-update-system-evus.

8. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

9. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

4



12. CBP previously acknowledged but withheld in full only the entry and exit category of records. Customarily, CBP would not acknowledge the existence of these records to a third party because they confirm that an individual traveled to the United States. It is CBP's position that an individual possesses a significant privacy interest in their travel history or entry and exit records. However, after considering Plaintiffs' arguments that the Duke of Sussex is publicly known to have traveled to the United States, CBP agreed there would be no harm in

merely acknowledging the existence of these records. CBP did not provide to Plaintiffs a page count of the responsive records because the amount of pages of records would reveal the extent of travel. However, CBP did acknowledge the existence of these records and withheld the records in full pursuant to Exemptions (6), (7)(C) and (7)(E) as more fully described in my previous Declaration.

13. With respect to the remaining ▓▓ categories of records, CBP neither searched for nor acknowledged the existence of these records when responding to Plaintiffs' request and in my prior Declaration, as publicly confirming or denying their existence would betray the Duke of Sussex's privacy interests protected by Exemptions (b)(6) and (b)(7)(C): ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14. Acknowledging the existence of these ▓ categories of records would reveal information regarding the Duke of Sussex that is protected by Exemptions (b)(6) and (b)(7)(C). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████

███████████████████████████████████

██████████████████████████████

████████████████████

15. As explained in my previous Declaration, CBP neither confirms nor denies the existence of any other requested records regarding the Duke of Sussex other than simply his entry and exit records to the United States (i.e., the Person Encounter Lists and Person Encounter Detail records addressed in my previous Declaration) because the Duke of Sussex has not consented to disclosure of his records to Plaintiffs and Plaintiffs have not proven sufficient public interest to outweigh the Duke's right to privacy concerning any other potential CBP records about him that may or may not exist.

16. ████████████████████ ████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████
████████████████████████████████████

17. ██████████████████████ ██████████████████
████████████████████████████████████
██████████████████████ It is CBP's position that an individual has a strong privacy interest in not having their personal travel preference information disclosed to the public.

7

18. Acknowledging and withholding or otherwise redacting any additional responsive CBP records would not be adequate to protect the personal privacy interests at risk and, thus, CBP previously invoked and continues to maintain the *Glomar* response for all records other than the entry and exit records addressed in my prior Declaration. Any other response would acknowledge the existence of records and reveal, for example, ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████ Immigration status implicates significant privacy interests. Confirmation of any adverse action or immigration applications would necessarily reveal the precise information that Exemptions (b)(6) and (7)(C) shield. The minimal amount of information of interest to the public revealed by the treatment of one individual does not shed sufficient light on CBP's conduct to overcome the Duke of Sussex's privacy interest in his encounters with CBP or in any information in CBP's records related to his immigration status.

19. ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████

Pursuant to 28 U.S.C. § 1746, I hereby affirm under penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Signed this 2 day of April, 2024.

_____
Shari Suzuki, Branch Chief
FOIA Appeals and Policy
Office of Trade, Regulations and Rulings
U.S. Customs and Border Protection
U.S. Department of Homeland Security